# Exhibit "C"
Sam's West's Answer to Complaint

Electronically Filed
11/30/2021 2:12 PM
Steven D. Grierson
CLERK OF THE COURT

**ANS**
ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
TIMOTHY D. KUHLS, ESQ.
Nevada Bar No. 13362
LATISHA ROBINSON, ESQ.
Nevada Bar No. 15314
**PHILLIPS, SPALLAS & ANGSTADT, LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
rphillips@psalaw.net
tkuhls@psalaw.net
lrobinson@psalaw.net

*Attorneys for Defendant*
*Sam's West, Inc.*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| AISHEH SAYED-AHMAD, individually,<br><br>Plaintiff,<br>v.<br><br>SAM'S WEST, INC., a Delaware Corporation doing business as SAM'S CLUB; DOES I -V; and ROE CORPORATIONS, VI – X, inclusive,<br><br>Defendants. | Case No.:  A-21-843817-C<br>Dept No.:  IV<br><br>**DEFENDANT SAM'S WEST, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW, Defendant SAM'S WEST, INC. doing business as SAM'S CLUB (hereinafter "Sam's Club" or "Defendant"), by and through its counsel of record, the law firm of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submit the following Answer to Plaintiff AISHEH SAYED-AHMAD'S (hereinafter "Plaintiff") Complaint, as follows:

1.      Answering Paragraph 1 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

. . .

2.      Answering Paragraph 2 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therefore denies the same. Further, Defendant asserts that said paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies.

3.      Answering Paragraph 3 of Plaintiff's Complaint, Defendant admits.

4.      Answering Paragraph 4 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore denies the same. Defendant further asserts that the Nevada Rules of Civil Procedure do allow Plaintiff an avenue to amend her Complaint. However, the Nevada Rules of Civil Procedure also provide safeguards and limits on when and how Plaintiff may amend the same. Accordingly, Defendant holds Plaintiff to this standard and expects Plaintiff will adhere to all rules.

5.      Answering Paragraph 5 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

6.      Answering Paragraph 6 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therefore denies the same. Further, Defendant asserts that said paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies.

7.      Answering Paragraph 7 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore denies the same.

8.      Answering Paragraph 8 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore denies the same.

9.      Answering Paragraph 9 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore denies the same.

. . .

10.     Answering Paragraph 10 of Plaintiff's Complaint, Defendant asserts that said paragraph contains legal conclusions and thus does not require a response. To the extent said paragraph does require a response, Defendant denies.

11.     Answering Paragraph 11 of Plaintiff's Complaint, Defendant asserts that said paragraph contains legal conclusions and thus does not require a response. To the extent said paragraph does require a response, Defendant denies.

## FIRST CLAIM FOR RELIEF

### (Negligence)

12.     Answering Paragraph 12 of Plaintiff's Complaint, Defendant repeats and reasserts its answers to the allegations contained in Paragraphs 1 through 11 of Plaintiff's Complaint and incorporate the same herein by reference as though fully set forth verbatim.

13.     Answering Paragraph 13 of Plaintiff's Complaint, Defendant asserts that said paragraph contains legal conclusions and thus does not require a response. To the extent said paragraph does require a response, Defendant denies.

14.     Answering Paragraph 14 of Plaintiff's Complaint, Defendant asserts that said paragraph contains legal conclusions and thus does not require a response. To the extent said paragraph does require a response, Defendant denies.

15.     Answering Paragraph 15 of Plaintiff's Complaint, Defendant asserts that said paragraph contains legal conclusions and thus does not require a response. To the extent said paragraph does require a response, Defendant denies.

16.     Answering Paragraph 16 of Plaintiff's Complaint, Defendant denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim or cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, release, laches, unclean hands, and

equitable estoppel.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, as set forth in her Complaint, if any there were, were directly and proximately caused by forces of nature over which Defendant had no control.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff assumed whatever risks or hazards which existed at the time of the events alleged in her Complaint, and Plaintiff is, therefore, responsible for the injuries and damages suffered, if any there were.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, as set forth in her Complaint, if any there were, were caused in whole or in part by the negligence or conduct of third parties over which Defendant had no control.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, as set forth in her Complaint, if any there were, are not attributable to any act, conduct, or omission on the part of Defendant, their employees, or their agents.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred and/or her recovery is diminished by Plaintiff's own contributory negligence and/or comparative fault due to Plaintiff's own failure to use reasonable care in protecting Plaintiff's own health.  Plaintiff is not entitled to recovery from Defendant, in that any loss sustained by Plaintiff is the result of negligence or actionable fault on the part of Plaintiff.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's negligence exceeds that of Defendant, if any, and Plaintiff is, therefore, barred from any recovery.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, as set forth in her Complaint, if any there were, were pre-existing and/or caused by a subsequent accident or incident.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages, and, thus, any recovery should be reduced

1 | accordingly.

2 | TWELFTH AFFIRMATIVE DEFENSE

3 | Plaintiff has voluntarily waived any potential rights against Defendant.

4 | THIRTEENTH AFFIRMATIVE DEFENSE

5 | Plaintiff has failed to name essential parties necessary for full and adequate relief in this action.

6 | FOURTEENTH AFFIRMATIVE DEFENSE

7 | Defendant complied with all applicable Nevada and Federal statutes, regulations, and codes at

8 | all relevant times stated in Plaintiff's Complaint.

9 | FIFTEENTH AFFIRMATIVE DEFENSE

10 | Defendant contends that if Plaintiff suffered any injuries or damages as a result of the conduct

11 | she attributes to Defendant, Defendant alleges that, prior to the incident giving rise to this action,

12 | Plaintiff was aware of the risks and hazards, if any, at the time and place of the incident; that whatever

13 | the conditions were at such time and place, they were obvious, discernible, and were in fact known to

14 | and by Plaintiff; and that Plaintiff nonetheless freely and voluntarily consented to assume and did

15 | assume these risks and hazards, if any there were.

16 | SIXTEENTH AFFIRMATIVE DEFENSE

17 | Defendant hereby incorporates by reference those Affirmative Defenses enumerated in Rule 8

18 | of the Nevada Rules of Civil Procedure as if fully set forth herein.  In the event further investigation or

19 | discovery reveals the applicability of any such defense, Defendant reserves the right to seek leave of

20 | Court to amend its Answer to specifically assert the same.  Such defenses are herein incorporated by

21 | reference for the specific purpose of not waiving the same.

22 | SEVENTEENTH AFFIRMATIVE DEFENSE

23 | It has been necessary for Defendant to employ the services of an attorney to defend this action,

24 | and a reasonable sum should be allowed for attorney's fees, together with the costs expended in this

25 | action.

26 | EIGHTEENTH AFFIRMATIVE DEFENSE

27 | Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted,

28 | denied, or otherwise pled to herein.

NINETEENTH AFFIRMATIVE DEFENSE

Defendant hereby reserves the right to add additional affirmative defenses as discovery progresses.

TWENTIETH AFFIRMATIVE DEFENSE

Defendant hereby affirmatively plead the application of the several liability provisions of NRS 41.141, as there is an issue of *bona fide* contributory negligence.

TWENTY-FIRST AFFIRMATIVE DEFENSE

If it is found that Defendant is liable to Plaintiff for any injuries and damages of the type alleged, all of which are expressly and specifically denied, then Defendant is entitled to indemnification and/or contribution from any judgment over and against such other defendants that may be liable for all or part of any verdict or judgment against this answering Defendant, which was caused by the negligence and/or breach of contract of such other defendants, together with costs and disbursements of this action, including attorney's fees.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference those Affirmative Defenses enumerated in Nevada Rule of Civil Procedure 12(b).

TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to properly serve Defendant in that her service of process or the process itself was insufficient, and Defendant reserves the right to move for dismissal of the instant action for want of proper service by Plaintiff.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to properly include or join, under Nevada Rule of Civil Procedure 19, indispensable parties without whom this matter cannot be properly adjudicated.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant hereby contends that the events, injuries, losses, and damages, if any there were, complained of were the result of an unavoidable accident insofar as this answering Defendant is concerned and said incident occurred without any negligence, want of care, or other breach of duty to Plaintiff on the part of Defendant.

1    TWENTY-SIXTH AFFIRMATIVE DEFENSE

2        To the extent that Plaintiff engaged in illegal activities during or pursuant to the subject incident,

3    Plaintiff's claims are barred.

4    TWENTY-SEVENTH AFFIRMATIVE DEFENSE

5        Defendant contends that this Court lacks jurisdiction over the subject matter of this action and

6    of each claim asserted therein.

7    TWENTY-EIGHTH AFFIRMATIVE DEFENSE

8        Defendant asserts that Plaintiff did not reasonably rely on any act, omission, or representation

9    of Defendant.

10    **PRAYER FOR RELIEF**

11        WHEREFORE, Defendant pray for judgment as follows:

12        1.    That Plaintiff take nothing by her Complaint;

13        2.    That Plaintiff's Complaint be dismissed with prejudice as to Defendant;

14        3.    That Defendant recover attorney's fees and costs incurred herein; and

15        4.    For such other and further relief as this Court may deem just and proper under the

16    circumstances.

17        DATED this 30th day of November, 2021.

18                                **PHILLIPS, SPALLAS & ANGSTADT, LLC**

19                                */s/ Latisha Robinson*
                                _____
20                                ROBERT K. PHILLIPS, ESQ.
                                Nevada Bar No. 11441
21                                TIMOTHY D. KUHLS, ESQ.
                                Nevada Bar No. 13362
22                                LATISHA ROBINSON, ESQ.
                                Nevada Bar No. 15314
23                                504 South Ninth Street
                                Las Vegas, Nevada 89101
24
25                                *Attorneys for Defendant*
                                *Sam's West, Inc.*
26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 30th day of November, 2021, I served a true and correct copy of the foregoing, **<u>DEFENDANT SAM'S WEST, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**, as follows:

☐ By facsimile addressed to the following counsel of record, at the address listed below:

☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☐ By Hand Delivery (ROC); and/or

☒ By Electronic Filing/Service Notification through Odyssey File & Serve to:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| JOSHUA L. BENSON, ESQ.<br>Nevada Bar No. 10514<br>BENSON ALLRED<br>6250 N. Durango Drive<br>Las Vegas, Nevada 89149 | Phone: 702-820-0000<br>Fax:    702-820-1111 | Plaintiff |

*/s/ Joshua J. Kephart*

_____

An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC